94 F.3d 650
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Darryl BROWN, Plaintiff-Appellant,
v.
CITY OF SANTA ANA; Paul M. Walters, T. Ahearn (# 1385), W.
Letizio (# 1614), Deakins (# 1448), in both their
personal and official capacities,
Defendants-Appellees.
 
 No. 95-55433.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 5, 1996.
Decided Aug. 15, 1996.
 Before: D.W. NELSON, T.G. NELSON, THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Darryl Brown appeals the district court's summary judgment dismissal of his 42 U.S.C. § 1983 action against the City of Santa Ana, Santa Ana Police Chief Paul M. Walters, Officer T. Ahearn, and Officer W. Letizio. Brown alleges that (1) the City is liable under Monell v. Dep't of Social Serv. of City of N.Y., 436 U.S. 658 (1978); (2) the individual defendants are not entitled to qualified immunity; and (3) his motion to compel production of photographs should have been granted. We affirm in part and reverse in part.
 
 
 3
 First, we find that the district court erred in granting summary judgment for the City, because there were genuine issues of material fact as to whether the City is liable under Monell. 436 U.S. 658 (1978). Viewing the evidence in the light most favorable to Brown, it could not be determined as a matter of law whether the dog attack on Brown violated the excessive force rule of Graham v. Connor, 490 U.S. 386 (1986). This question should have gone to the jury.
 
 
 4
 Second, we find that the district court properly granted summary judgment in favor of Chief Walters in his individual capacity, because he was entitled to qualified immunity as a matter of law. At the time of Brown's arrest, the law was not clearly established such that Walters would have known that the Santa Ana Police Department's policy authorizing the use of its dogs would violate a clearly established right. See Chew v. Gates, 27 F.3d at 1447-49.
 
 
 5
 In contrast, we find that the district court erred in granting summary judgment in favor of Officer Ahearn and Letizio in their individual capacities, because there is a genuine issue of material fact as to whether they are entitled to qualified immunity. Unlike the law regarding municipal policies on the training and use of police dogs, it was clearly established at the time of Brown's arrest that under certain circumstances the use of police dogs is unlawful. Mendoza v. Block, 27 F.3d 1357 (9th Cir.1994). The second question of qualified immunity is whether a reasonable officer could have believed that his conduct was lawful. Act Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir.1993). This is a factual determination that cannot be resolved on a motion for summary judgment. Id.
 
 
 6
 Finally, we find that the district court did not abuse its discretion in denying Brown's motion to compel production of current photographs of the officers who were present at the scene of Brown's arrest.
 
 
 7
 AFFIRMED IN PART and REVERSED IN PART.
 
 
 8
 Each side shall bear their own costs.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3